UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

OLD REPUBLIC INSURANCE
COMPANY

     Plaintiff

  v.

ANDROSCOGGIN SAVINGS BANK,
Defendant

## COMPLAINT

Plaintiff, Old Republic Insurance Company ("Old Republic" or the "Surety"), by and through its undersigned counsel, alleges the following against Defendant, Androscoggin Savings Bank ("ASB" or the "Bank"):

### PARTIES

1. Plaintiff, Old Republic, is a Pennsylvania corporation with a principal place of business located in Illinois.  At all times relevant herein, Surety was licensed to issue surety bonds in the State of Maine.

2. Defendant, ASB is a FDIC Supervised State Savings Bank with its principal place of business at 30 Lisbon Street, Lewiston, Maine 04240. At all times relevant herein ASB was a licensed financial institution conducting banking business in the State of Maine.

1

## JURISDICTION AND VENUE

3.  The Court has jurisdiction in this matter under 28 U.S.C. § 1332(a) because the Surety has citizenship diverse from the Defendant, and the amount in controversy, exclusive of interest, exceeds Seventy-Five Thousand ($75,000.00) Dollars.

4.  Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1391 because the Bank's principal place of business is within the district and a substantial part of the events giving rise to this action took place within the district.

## FACTUAL ALLEGATIONS

5.  On various dates beginning in October 2022, Old Republic issued payment and performance bonds ("Bonds") on behalf of Ledgewood Construction a/k/a Ledgewood Construction Co., Inc. ("Ledgewood") for the construction of various projects throughout the State of Maine.

6.  Specifically, Old Republic issued a Payment and Performance Bond at Ledgewood's request in connection with a certain construction project known as the "Landry Woods Senior Living Center" and located in Portland, Maine (the "Project").

7.  A true and accurate copy of the Performance Bond for the Project is appended hereto as **Exhibit A**.

8.  A true and accurate copy of the Payment Bond for the Project is appended hereto as **Exhibit B**.

9.  As an express condition precedent to Old Republic's issuance of the Bonds, Ledgewood and others executed a General Agreement of Indemnity (the "GAI") in favor of Old Republic, effective May 4, 2022.

10. A true and accurate copy of the GAI is appended hereto as **Exhibit C**.

2

11. Pursuant to the GAI, Ledgewood and other indemnitors (together the "Indemnitors") agreed as more fully set forth therein to fully defend, indemnify, and hold Old Republic harmless from any and all loss, cost, expense, and liability incurred by reason of issuing the Bonds.

12. The GAI expressly provides that all funds due or to become due under bonded contracts constitute trust funds, whether in the possession of Ledgewood or any third party, for the benefit of subcontractors, suppliers, and Old Republic as surety:

> **Trust Funds** -The Principal and Indemnitor expressly declare that all funds due or to become due under the contracts or obligations covered by bond are trust funds, whether in the possession of the Principal or another, for the benefit and payment of all persons to whom the Principal incurs obligations in the performance of such contractor obligations for which the Surety would be liable under the bond. If the Surety discharges any such obligation it shall be entitled to assert the claim of such person to the trust funds. This declaration shall constitute notice of such trust.

GIA, Exhibit C, at Art. E.

13. Similarly, the Payment Bond issued for the Project provides in relevant part as follows:

> § 9 Amounts owed by the Owner to the Contractor under the **Construction Contract shall be used for the performance of the Construction Contract and to satisfy claims, if any, under any construction performance bond**. By the Contractor furnishing and the Owner accepting this Bond, they agree that **all funds earned by the Contractor in the performance of the Construction Contract are dedicated to satisfy obligations of the Contractor and Surety under this Bond**, subject to the Owner's priority to use the funds for the completion of the work.

Payment Bond, Exhibit B, at § 9 (emphasis added).

14. The GAI further provides that upon default, abandonment, or breach by any Indemnitor, all right, title, and interest in contract funds, including progress payments, retainage, accounts receivable, and other proceeds of bonded contracts, are assigned to Old Republic, subject only to the trust created for payment of bonded obligations. *See* GAI, Exhibit C, at Art. F.

3

15. The GAI provides Old Republic an absolute right to complete any bonded construction contract when the same becomes necessary or advisable and/or upon an Event of Default of the contractor, here Ledgewood.  An Event of Default is defined to include

> 1. Any abandonment, forfeiture or inability of or failure, refusal, or inability to perform any contract covered by a bond or any bond liability.
> 2. The failure, delay, refusal, or inability of the Principal to pay bills or other indebtedness incurred in, or in connection with the performance of any contract covered by a bond.
> 3. The failure to perform or comply with, any of the terms, covenants and obligations to the Agreement.
> 4. The failure to pay and discharge when due any other indebtedness of the Principal to the Surety.
> 5. Any Indemnitor becoming insolvent or the subject of any proceeding in bankruptcy, receivership, or creditor assignment.
> 6. The commencement or contraction of any proceeding which deprives the Principal of, or interferes with, his use of any of the supplies, tools, plant, machinery, equipment or materials in, on, or around the site of the work under the contract covered by any said bond.
> 7. Any individual Indemnitor dying, absconding, disappearing, becoming incompetent, being convicted of felony or imprisoned, and if the Principal is any other type of entity, any change or threat of change in the character, identity, control, management, beneficial ownership or existence of the Principal.

GAI, Exhibit C, at Art. J.

16. The underlying construction contract for the Project between Ledgewood and the Owner contained additional provisions concerning contractor default include, *inter alia*, requiring Ledgewood's prompt and appropriate payment of project funds to subcontractors and suppliers for Project work duly performed; prohibiting the contractor from collecting payment for portions of the Project work for which the Contractor did not intend to pay a subcontractor or supplier; and setting guidelines on how retainage may be withheld from subcontractors.

17. Further, the Performance Bond for the Project provides that the Surety's bond obligations are triggered upon the contractor's default.  Performance Bond, Exhibit A, at §§ 3, 4.

18. Upon information and belief, ASB made certain business loans to Ledgewood and/or its principals that were allegedly secured by certain collateral, including Ledgewood's accounts receivable.

19. Defendant, ASB, knew or should have known that Ledgewood was a bonded contractor of Ledgewood with respect to a substantial local construction project involving public funds and that funds deposited into Ledgewood's accounts included bonded construction proceeds subject to the Surety's prior right of equitable subrogation and priority interest in the contract proceeds.

20. During the course of the Project, the Owner paid Ledgewood construction progress payments (the "Construction Proceeds") earned for work performed on the Project, including substantial work by subcontractors and suppliers.

21. Construction Proceeds were deposited by the Project Owner into Ledgewood's operating accounts at ASB.

22. Pursuant to the construction contract, the Bonds, the GAI, and governing law, the Construction Proceeds were required to be held in trust solely for benefit and ultimate payment to subcontractors, suppliers, and to satisfy other bonded obligations.

23. Beginning in 2025, Ledgewood failed to pay at least some of its subcontractors and/or suppliers on the Project and Old Republic discovered that Ledgewood was unable to complete its bonded obligations as contractor for the Project.

24. Ledgewood thereby defaulted under the construction contract, the Bonds, and the GAI. Old Republic, as performing surety, was required to satisfy bonded obligations, including advancing payment to unpaid subcontractors and vendors and arranging for completion of the Project.

25. On or about August 17, 2025, the individual indemnitors (per the GAI) and owners of Ledgewood filed a Voluntary Petition for Individuals Filing for Bankruptcy under Chapter 11 of the United States Bankruptcy Code.

26. On or about September 2, 2025, ASB withdrew and/or swept $953,712.36 from Ledgewood's Project bank account.

27. The withdrawn funds were Construction Proceeds earned on the Project and held in trust for subcontractors and Old Republic.

28. To date, Old Republic has paid substantial amounts in bond claims to subcontractors or suppliers associated with the Project and for costs to complete the Project.

29. Defendant, ASB, retained the withdrawn funds for its own benefit and applied them to indebtedness allegedly owed by Ledgewood and/or other indemnitors to the Bank.

30. On or about October 15, 2025, Old Republic demanded return of the Construction Proceeds from ASB.

31. Defendant, ASB, refused.

32. By withdrawing and retaining the Construction Proceeds, ASB wrongfully interfered with Old Republic's superior equitable, contractual, and trust-based rights as a performing construction bond surety and assignee.

33. Defendant's, ASB, wrongful seizure of the Construction Proceeds from Ledgewood's account caused Old Republic to incur losses and other damages that should have been paid from the Construction Proceeds.

34. As a direct and proximate result of Defendant's, ASB, wrongful conduct, Old Republic has suffered substantial damages and said losses, expenses, and damages are ongoing and continuing to accrue.

## COUNT I – CONVERSION

35. Old Republic incorporates by reference the forgoing Paragraphs 1 through 34 of this Complaint, as if said Paragraphs were fully stated herein.

36. The Construction Proceeds constituted specific, identifiable funds designated for payment to subcontractors and suppliers to which Old Republic had an interest and right to possession as of September 2, 2025.

37. Defendant, ASB, wrongfully exercised dominion and control over the Construction Proceeds by withdrawing and retaining them without lawful authority.

38. Defendant, ASB, refused to surrender the Construction Proceeds to Old Republic following ASB's receipt of Old Republic's demand for return of the funds on or around October 15, 2025.

39. Defendant's conduct constitutes conversion under Maine law.

40. As a proximate result of Defendant's conduct, Old Republic has been damaged in an amount to be proven at trial, but not less than $75,000.00.

## COUNT II – MONEY HAD AND RECEIVED

41. Old Republic incorporates by reference Paragraphs 1 through 40 as if said Paragraphs were fully stated herein.

42. Defendant, ASB, has received $953,712.36 in Construction Proceeds rightfully belonging to Old Republic.

43. Equity and good conscience dictate that ASB pay over to Old Republic the Construction proceeds.

## COUNT III – UNJUST ENRICHMENT

44. Old Republic incorporates by reference Paragraphs 1 through 43 as if said Paragraphs were fully stated herein.

45. By sweeping the Construction Proceeds that were designated for payment to Ledgewood's subcontractors, materialmen and suppliers, ASB received and retained Construction Proceeds, a benefit in the amount of $953,712.36, to which it was not entitled.

46. In receiving the Construction Proceeds, ASB was aware of this benefit conferred to it.

47. In the course of misappropriating said Construction Proceeds and refusing to return them, ASB was unjustly enriched at the expense and detriment of Old Republic.

48. It would be inequitable for ASB to retain these funds while Old Republic bears the aforementioned losses.

49. Justice requires ASB to reimburse Old Republic for its losses incurred as a result of ASB's unlawful sweep and conversion of the Construction Proceeds or in the alternative.

### COUNT IV – DECLARATORY RELIEF

50. Old Republic incorporates by reference Paragraphs 1 through 49 of this Complaint as if fully stated herein.

51. An actual controversy exists regarding the parties' respective rights to the Construction Proceeds including any portions thereof.

52. Old Republic, based on its legal and equitable rights as a performing surety, contends that its right to the Construction Proceeds is superior to any right or interest that ASB may have to the funds.

53. Old Republic is informed and believes that ASB claims a superior right to recover and retain the Construction Proceeds.

54. A judicial declaration is necessary and appropriate at this time because the parties are unable to resolve this dispute without court adjudication, and because Old Republic has no plain, speedy, and adequate remedy at law to establish its priority right, ahead of ASB, to recover the Construction Proceeds at issue.

55. Old Republic seeks a declaration that:

   a. The Construction Proceeds are trust funds for the benefit of Ledgewood's subcontractors and suppliers who furnished labor, materials and equipment to the bonded Project for which the funds were paid to Ledgewood;

   b. Old Republic has superior rights to the Construction Proceeds by equitable subrogation, express trust, and/or assignment under the GAI; and

   c. ASB had no lawful right to seize or retain the funds.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment enter in its favor and against Defendant as follows:

   a. Awarding monetary damages to Old Republic in an amount to be determined trial but no less than $75,000.00

   b. Declaring that the Construction Proceeds constitute trust funds equitably owned by Old Republic;

   c. Ordering ASB to reimburse and return the Construction Proceeds to Old Republic;

   d. Awarding to Old Republic pre and post-judgment interest on any judgment rendered.

   e. Awarding Old Republic its costs, attorneys' fees, and expenses as permitted by law; and;

   f. Granting such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

Respectfully submitted,
OLD REPUBLIC SURETY COMPANY, Plaintiff
By its attorneys,

*/s/ Nancy Kelly*
Nancy Kelly, Maine Bar No. #7325
Gordon Rees Scully Mansukhani, LLP
53 Exchange Street, Suite 400
Portland, ME 04101
(857) 504-2023
nkelly@grsm.com